CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 11 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GEMMALLA ANNETTE LAWRENCE, | ) | CASE NO. 7:17CV00095 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| FCCW MEDICAL DEPARTMENT, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Gemmalla Annette Lawrence, a Virginia jail inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that she has received inadequate medical care in prison. Upon review of the record, the court finds that the action must be summarily dismissed.

Lawrence is incarcerated at the Fluvanna Correctional Center for Women ("FCCW"). Her § 1983 complaint consists of the following allegations: Claim 1: "Misdiagnosis 2 yrs. ago and confined to the medical infirmary"; Claim 2: "Inadequate medical care ongoing pain without the proper diagnosis"; and Claim 3: "Overly [sic] delay wait for dentures after the payment was paid in full." (Compl. 2, ECF No. 1.) Lawrence does not state what relief she seeks in filing this action.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The only entity that Lawrence names as a defendant to her § 1983

claims is the prison's medical department. A department of a state facility such as FCCW does not meet the definition of a "person" so as to be subject to suit under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71-70 (1989) (holding that states, state officials acting in official capacity, and governmental entities that are considered "arms of the state" are not "persons" under § 1983). See also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Because Lawrence fails to state facts regarding actions that any particular jail official undertook in violation of her constitutional rights, her complaint presents no legal or factual basis for a claim actionable under § 1983.

For the stated reason, the court will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1), as frivolous.[1] An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 11th day of April, 2017.

                                                                    /s/ Conrad

Chief United States District Judge

---

[1] In any event, Lawrence's current allegations do not state any constitutional claim actionable under § 1983 against anyone. See Estelle v. Gamble, 429 U.S. 97, 102 (1976) (holding that only a prison official's deliberate indifference to inmate's serious medical needs violates the Eighth Amendment); Germain v. Shearin, 531 F. App'x 392, 395 (4th Cir. 2013) (unpublished) (holding deliberate indifference standard "is not satisfied by . . . mere disagreement concerning '[q]uestions of medical judgment'") (quoting Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)). See also Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977) (finding that in constitutional claim regarding prison medical care, "the essential test is one of medical necessity and not simply that which may be considered merely desirable"). In Claims 1 and 2, Lawrence's allegations present nothing more than allegations of medical negligence that do not rise to the level of a constitutional claim. Estelle, 429 U.S. 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Claim 3 alleges, at most, a delay in delivering dentures with no suggestion of any resulting harm. See Webb v. Hamidullah, 281 Fed. App'x. 159, 166 (4th Cir. 2008) (holding that Eighth Amendment claim for delay of medical treatment requires showing that substantial harm resulted).